UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  

James Lloyd Krahling,

      Debtor.

Case No. 23-32495-KAC  
Chapter 7 Case

---

Grain Commerce of Southern Minnesota, Inc.,

      Plaintiff,

vs.

James Lloyd Krahling,

      Defendant.

Adv. No. _____

---

## ADVERSARY COMPLAINT

Grain Commerce of Southern Minnesota, Inc. ("**Grain Commerce**"), by and through its undersigned attorneys, as and for its complaint against James Lloyd Krahling, states and alleges as follows:

### PARTIES

1. Plaintiff Grain Commerce of Southern Minnesota, Inc. is a Minnesota Corporation with its principal place of business at 21575 515th Avenue, Lake Crystal, Blue Earth County, Minnesota.

2. Defendant James Lloyd Krahling ("**Krahling**") is an individual and resident of the State of Minnesota, County of Blue Earth, residing at 249 Tanager Path, Mankato, MN 56001.

4874-2713-7187.v2

## JURISDICTION AND VENUE

3. This adversary proceeding is brought pursuant to Bankruptcy Rule 7001 and arises under 11 U.S.C. §§ 523 and 727. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 7001(4) and 7001(6), and Local Rule 7004.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157.

5. Venue is appropriate in this jurisdiction pursuant to 28 U.S.C. § 1409.

6. Grain Commerce consents to entry of final orders or judgment by this court.

## GENERAL FACTUAL BACKGROUND

7. Grain Commerce is engaged in the business of buying, selling, and hauling grain.

8. On or about August 10, 2022, Grain Commerce and Krahling executed Contract No. 00017187 by which Grain Commerce contracted to sell, and Krahling contracted to purchase and pay for, 30,000 bushels of corn at $7.6600 per bushel.

9. On or about September 14, 2022, Grain Commerce delivered the corn per Contract No. 00017187 to POET Bioprocessing - Lake Crystal, Minnesota, 19200 499th Avenue, Lake Crystal, MN 56055 ("**POET**") on a swap of bushels with Heartland Corn Products, 53331 MN-19, Winthrop, MN ("**Heartland**").

10. Grain Commerce completed full performance of its obligations under Contract No. 00017187.

11. On or about September 14, 2022, Grain Commerce invoiced Krahling $229,800.00 for Contract No. 00017187.

12. On or about October 24, 2022, Grain Commerce and Krahling executed Contract No. 00016018 by which Grain Commerce contracted to sell, and Krahling contracted to purchase and pay for, 30,000 bushels of corn at $6.8900 per bushel.

2

13. On or about November 3, 2022, Grain Commerce and Krahling executed Contract No. 00017274 by which Grain Commerce contracted to sell, and Krahling contracted to purchase and pay for, 303.33 bushels of corn at $7.0600 per bushel.

14. On or about November 3, 2022, Grain Commerce delivered the corn per Contract Nos. 00016018 and 00017274 to POET on a swap of bushels with Heartland.

15. Grain Commerce completed full performance of its obligations under Contract Nos. 00016018 and 00017274.

16. On or about November 3, 2022, Grain Commerce invoiced Krahling in the amount of $207,333.97.

17. All of the contracts included a provision that payment must be made within thirty days of invoicing.

18. As a result of the three contracts, Krahling owes Grain Commerce $437,133.97.

19. All of the contracts were executed by Krahling in the name of "Krahling Farms."

20. "Krahling Farms" is a fictious name used by Krahling to separate accounts at POET.

21. On or about April 27, 2023, Grain Commerce initiated a lawsuit against Krahling Farms and Krahling in the Fifth Judicial District Court of the State of Minnesota, Blue Earth County, Case No. 07-CV-23-2070.

22. On June 21, 2023, the Court Administrator for the Blue Earth County District Court entered default judgment in favor of Grain Commerce and against Krahling and Krahling Farms in the amount of $437,133.97. Post-judgment interest accrued through the date of filing of Krahling's Chapter 7 petition in the amount of $18,213.93.

23. Krahling is personally liable for the debt owed to Grain Commerce.

4874-2713-7187.v2

24. Upon information and belief, Krahling received money in exchange for the corn Grain Commerce delivered to POET.

25. Krahling represented to Grain Commerce that POET would pay Heartland for the corn Grain Commerce delivered to POET within a month, and that Hartland would pay the proceeds to Krahling.

26. Krahling represented to Grain Commerce that he would use the proceeds from the sale of the corn to pay Grain Commerce.

27. Historically, Krahling would pay Grain Commerce for corn from his bank account on at least a quarterly basis.

28. Upon information and belief, Krahling purchased the corn from Grain Commerce to satisfy the obligations of his mother Carol Krahling, the Linus P. Krahling and Carol L. Krahling Revocable Trust under Agreement dated January 9, 2017, the Carol L. Krahling Declination Trust, and/or the Carol L. Krahling Trust to Heartland.

29. Upon information and belief, Krahling knew at the time of contracting that he would be unable to pay Grain Commerce for the corn.

30. Upon information and belief, Krahling purchased the corn, using the Krahling Farms account name, rather than the party obligated to the ethanol cooperative, in order to defraud Grain Commerce.

## COUNT I

31. Grain Commerce restates the allegations set forth above, as though fully set forth herein.

32. Krahling is not entitled to a discharge of debt due and owing to Grain Commerce pursuant to the provisions of 11 U.S.C. § 523(a)(2)(A).

4

33. Krahling wrongfully obtained property, to-wit, the corn, from Grain Commerce as a result of Krahling's false pretenses, false representations, and fraudulent activities.

34. Krahling intended to create and foster a false impression that Grain Commerce was dealing with a farming entity, to-wit, Krahling Farms.

35. Krahling failed to disclose to Grain Commerce that Krahling Farms was not an entity, but rather was only the name of an account at POET.

36. Krahling failed to disclose to Grain Commerce that Krahling Farms had no assets.

37. Krahling failed to disclose to Grain Commerce that the corn would be used to satisfy the obligations of a third-party other than Krahling or Krahling Farms.

38. Krahling misrepresented his ability to repay Grain Commerce.

39. Krahling misrepresented his intent to use the proceeds of the sale of the corn to repay Grain Commerce.

40. Krahling intended Grain Commerce to rely on his misrepresentations, non-disclosures, and false pretenses to extend him credit.

41. Krahling did not use the proceeds from the sale of the corn he purchased from Grain Commerce to pay Grain Commerce.

42. Upon information and belief, Krahling never intended to pay Grain Commerce for the corn he purchased from Grain Commerce.

43. As a direct result of Krahling's actions, Krahling's obligations to Grain Commerce are not dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(2)(A).

## COUNT II

44. Grain Commerce restates the allegations set forth above, as though fully set forth herein.

4874-2713-7187.v2

45. Krahling is not entitled to a discharge of debt due and owing to Grain Commerce pursuant to the provisions of 11 U.S.C. § 523(a)(4).

46. Upon information and belief, Krahling received proceeds from the sale of the grain that Grain Commerce delivered to POET, which were to be paid to Grain Commerce.

47. Krahling failed to use the proceeds from the sale of the grain that Grain Commerce delivered to POET to pay Grain Commerce.

48. Upon information and belief, Krahling appropriated the proceeds from the sale of the grain that Grain Commerce delivered to POET for a use other than to pay Grain Commerce, with the intent to defraud Grain Commerce.

49. Krahling's failure to use the proceeds from the sale of the grain that Grain Commerce delivered to POET to pay Grain Commerce was not authorized by Grain Commerce.

50. As a direct result of Krahling's actions, Krahling's obligations to Grain Commerce are not dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(4).

## COUNT III

51. Grain Commerce restates the allegations set forth above, as though fully set forth herein.

52. Krahling is not entitled to a discharge of debt due and owing to Grain Commerce pursuant to the provisions of 11 U.S.C. § 523(a)(6).

53. Krahling breached his contracts with Grain Commerce by failing to pay for the corn Grain Commerce delivered to POET pursuant to said contracts.

54. Krahling knew at the time of contracting that he would not use the proceeds of the sale of the grain that Grain Commerce delivered to POET to repay Grain Commerce.

55. Krahling deprived Grain Commerce of the proceeds of the sale of the grain it delivered to POET, caused Grain Commerce to suffer significant pecuniary loss, incur substantial attorney's fees, impaired Grain Commerce's ability to fulfil its own obligations forcing it to turn to alternative sources of capital, and harmed Grain Commerce's reputation.

56. Krahling's failure to use the proceeds of the sale of the grain that Grain Commerce delivered to POET to pay Grain Commerce was substantially certain to cause Grain Commerce to suffer the injuries detailed in Paragraph 53.

57. Upon information and belief, Krahling desired Grain Commerce to suffer some or all of the injuries detailed in Paragraph 53.

58. Krahling's failure to use the proceeds of the sale of the grain that Grain Commerce delivered to POET on Krahling's behalf was targeted at Grain Commerce.

59. As a direct result of Krahling's willful and malicious actions causing injury to Grain Commerce, Krahling's obligations to Grain Commerce are not dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(6).

WHEREFORE, Grain Commerce prays for an Order of this Court:

a. Determining that Krahling's obligations to Grain Commerce are not dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(2), (4), and (6);

b. Entering judgment against Krahling for the non-dischargeable debt, in the amount of $455,347.90.

c. Awarding Grain Commerce its costs, disbursements, and attorneys' fees incurred in connection with this matter; and

d. For such other relief as the Court deems just and equitable.

Dated this 19th day of February, 2024.

        /s/ *Cory A. Genelin*
Cory A. Genelin   #0386705
Adam N. Froehlich   #0504545
GISLASON & HUNTER LLP
111 S. 2nd St.  Suite 500
Mankato, MN 56001
Phone:  507-387-1115
Fax:  507-387-4413
Email: cgenelin@gislason.com
       afroehlich@gislason.com

*Attorneys for Grain Commerce of Southern Minnesota, Inc.*

8